UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Geneva Gile</u>

    v.                                 Civil No. 11-cv-320-JD

<u>Megan Lemire</u>

<u>O R D E R</u>

Geneva Gile filed suit against Megan Lemire, alleging claims arising from an automobile accident.  Lemire filed a motion to compel discovery responses from Gile, and Gile objected, citing the parties' arbitration agreement.  In light of the arbitration agreement, the court denied the motion to compel without prejudice and ordered the parties to address the effect of their agreement, specifically, whether the case should be dismissed in favor of arbitration.  The parties filed memoranda, as directed. Gile filed a motion to compel arbitration, and Lemire objected.

<u>Discussion</u>

The parties agree that after the case was filed they entered into an agreement to arbitrate.  They disagree about Gile's discovery obligations and about which party is responsible for the delay in the arbitration proceeding.  Gile asks the court to set a date for arbitration, without any obligation to provide discovery, and seeks an award of fees and costs related to filing

the motion.  Lemire does not object to arbitration but contends that the arbitration agreement requires Gile to provide discovery and asks that she be compelled to provide the requested discovery or certify that it does not exist.

Under the Arbitration Act, agreements to arbitrate are "valid, irrevocable, and enforceable."  9 U.S.C. § 2.  "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."  Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).  Therefore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  Id. at 24-25.

The parties' arbitration agreement in this case states that they "agreed to submit this matter to binding, private arbitration . . . for the purpose of determining damages."  The agreement requires the plaintiff to "provide all pertinent existing medical records and reports from her treating physicians and any IME performed by September 15, 2011 as well as authorizations for the release of same and supplement those records and reports as they become available."  The defendant had a deadline of November 15, 2011, to complete an IME except that

the deadline could be extended if the plaintiff had not provided all records in a timely manner.  The arbitration proceeding was to be held before January 1, 2012, unless all pertinent records had not been timely provided.  The parties also agreed to other provisions for the arbitration proceeding.

Given the discovery provisions in the arbitration agreement, those matters are subject to arbitration.  Therefore, based on the parties' arbitration agreement, the court concludes that this case should be dismissed in favor of arbitration.

## Conclusion

For the foregoing reasons, the plaintiff's motion to compel arbitration (document no. 25) is granted to the extent that the disputed matters are subject to arbitration.  The motion is denied as to setting a date for arbitration and an award of fees and costs.  This case is dismissed in favor of arbitration.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 6, 2012

cc: Elizabeth L. Hurley, Esquire
    Vincent Illuzzi, Esquire
    Timothy J. Wells, Esquire